IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARION CHAD SPEARS                                                            PLAINTIFF

VS.                                                                CIVIL ACTION NO. 3:15cv119-DPJ-FKB

JANE MARQUARDT, et al.                                       DEFENDANTS

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner housed at East Mississippi Correctional Facility (EMCF), brought this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations by prison officials. A *Spears*[1] hearing at which Plaintiff testified concerning his claims was held on July 29, 2015. Having considered Plaintiff's complaint and his testimony at the hearing, the Court finds and rules as follows.

Plaintiff's allegations, as set forth in the complaint and in his testimony, are as follows. Plaintiff has suffered from epilepsy since childhood. He takes Depakote to control his seizures. Because of this disorder, he must be allowed to sleep on a bottom bunk. According to Plaintiff, when he came to EMCF he was assigned to a top bunk. He made numerous requests for lower a bunk, but these requests were ignored. Even after Plaintiff sustained a fall on December 12, 2013, officials ignored his requests. On October 4, 2014, he fell from his top bunk a second time. As a result of this fall, Plaintiff sustained a head injury that required five staples. He claims continuing damages in the form of permanent scars and headaches. Plaintiff was moved to a lower bunk about three weeks after this latter fall. Plaintiff also contends that prison officials have ignored his requests

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)

for medication.

At the hearing, the undersigned inquired as to the reason Plaintiff has sued the various defendants. Plaintiff's only reason for naming as defendants Jane Marquardt, N. Hogans, Vernell Thomas, and Issa Arnita was their supervisory or management positions. He admitted that none of these individuals had any personal involvement in his medical care or in his bunk assignment prior to his second fall. This admission is fatal to Plaintiff's claims. There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must prove that the defendant directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Because Plaintiff has failed to allege any personal involvement on the part of these defendants, the undersigned recommends that they be dismissed and that this action go forward solely against Defendant Tonya Morgan.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 26th day of August, 2015.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE