IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARION CHAD SPEARS                                                                        PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:15cv119-DPJ-FKB

TONYA MORGAN                                                                            DEFENDANT

### REPORT AND RECOMMENDATION

Marion Chad Spears, a state prisoner, filed this action pursuant to 42 U.S.C. § 1983 against prison officials seeking damages for injuries arising out of his fall from the top bunk of his cell.  Previously, a *Spears*[1] hearing was held at which Plaintiff testified concerning his claims.  Presently before the Court is the summary judgment motion [28] of Tonya Morgan, the only remaining defendant.  Plaintiff has failed to respond to the motion.  Having considered the motion and the competent summary judgment evidence, the undersigned concludes that there are genuine factual issues as to Morgan's alleged violation of Plaintiff's rights and that Morgan's motion should be denied.

Since November of 2013, Plaintiff has been housed at East Mississippi Correctional Facility (EMCF), where Tonya Morgan is the manager of Unit 3.  He suffers from a seizure disorder and takes Depakote to control his seizures.  Plaintiff's claim concerns a head injury he sustained on December 2, 2014.[2]  At the *Spears* hearing, his testimony concerning the circumstances of the injury was as follows.  Plaintiff was in Unit 3 at the time and was assigned to an upper bunk, even though he has a medical

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]Plaintiff claims the injury occurred on October 14, 2014.  However, his medical records contain no indication of an injury on that date.  They do, however, indicate that Plaintiff sustained a head laceration on December 2, 2014.

restriction to a lower bunk. His injury occurred when he suffered from a seizure and fell off of the top bunk. Prior to the fall, he had informed Morgan on multiple occasions that he required a lower bunk and had showed her his medical profile form, but Morgan refused to take any action to have him reassigned to a lower bunk.

In order to hold Morgan liable, Plaintiff must establish that she acted with deliberate indifference to a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official acts with deliberate indifference when he has actual knowledge that an inmate "face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Morgan argues that she is entitled to judgment as a matter of law because there is no evidence that she was deliberately indifferent to any risk of harm to Plaintiff.

In support of her motion, Morgan has submitted an affidavit [28-6] accompanied by Plaintiff's housing and medical records. In the affidavit, she states that she had no involvement in Plaintiff's assignment to an upper bunk and no knowledge of any medical restriction to a lower bunk. She explains that normally, an inmate with a bunk restriction will have in his possession a copy of his medical profile with the restriction noted so that he can show it to staff members when he is assigned a bed. If an inmate informs Morgan that he needs a lower bunk, Morgan's normal practice is to contact the mental health counselor and request that he or she check the medical records for a bunk restriction. If such a restriction exists, the counselor will then contact the inmate's case manager and arrange to have him moved. If no restriction exists, the counselor will advise the inmate to go to the medical clinic and request a bunk restriction order. Morgan denies having ever

received any request from Plaintiff, written or otherwise, for reassignment to a lower bunk.

Morgan also attempts to discredit Plaintiff's testimony regarding his communications with her by showing that dates given in his testimony are inconsistent with his prison files. For example, she points out that his testimony regarding his alleged communications with her on September 11 and 12, 2014, is inconsistent with his housing records, which indicate that Plaintiff was housed in Unit 6, rather than Unit 3, on these dates and was assigned to a lower bunk.

Admittedly, the inconsistencies pointed out by Morgan cast doubt on Plaintiff's allegations. But there is some reason to believe that these inconsistencies are the result of Plaintiff's difficulty in assigning accurate dates to events, as he testified to an incorrect date concerning his head injury. Thus, the undersigned concludes that these inconsistencies are not so great as to render Plaintiff's testimony unworthy of credence by a reasonable fact finder. And Morgan's affidavit merely establishes the existence of contradictory facts; it does not establish the absence of a genuine dispute as to the facts. Plaintiff's evidence, construed in the light most favorable to him, shows that he had a medical restriction to a lower bunk, that he informed Morgan of this restriction and requested a lower bunk on multiple occasions, and that she nevertheless failed to take any action in response to his requests. This evidence is sufficient to create genuine factual issues as to the essential elements of Plaintiff's claim.

For these reasons, the undersigned recommends that Morgan's motion for summary judgment be denied. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within

this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 25th day of May, 2016.

                                <u>/s/ F. Keith Ball</u>
                                UNITED STATES MAGISTRATE JUDGE