UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARION CHAD SPEARS                                                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:15cv119-DPJ-FKB

TONYA MORGAN                                                                         DEFENDANT

ORDER

This pro se § 1983 prisoner case is before the Court on Defendant Tonya Morgan's Motion for Summary Judgment [28] and the Report and Recommendation [30] of Magistrate Judge F. Keith Ball.  Judge Ball recommended Morgan's motion be denied as to Plaintiff Marion Chad Spears's claim that Morgan was deliberately indifferent to a substantial risk of harm to Spears.  Morgan filed Objections [31] to the Report and Recommendation.  Because the Court agrees with Judge Ball that genuine issues of material fact exist as to Spears's Eighth Amendment claim, the Report and Recommendation will be adopted.

Spears, who suffers from a seizure disorder, has been housed at the East Mississippi Correctional Facility since November 2013.  Because of his seizure disorder, Spears has a medical restriction to be assigned to a bottom bunk, but on September 30, 2014, Spears was assigned a top bunk in EMCF's Unit 3.  Spears testified that he informed Morgan, Unit 3's manager, that he required a lower bunk on several occasions but Morgan refused to take any action to assign Spears a bottom bunk.  Spears testified that, while housed in Unit 3 during the fall of 2014, he suffered a seizure, fell off the top bunk, and sustained a head injury.[1]

---

[1] Spears testified that the fall occurred on October 14, 2014, but as Judge Ball noted, the medical records contain no documentation of an injury on that date.  The medical records, instead, show that Spears suffered a head laceration necessitating staples on December 2, 2014.

Viewing the evidence in the light most favorable to Spears, Judge Ball found that his testimony established a question of fact as to whether Morgan "was deliberately indifferent to a substantial risk of serious harm to" Spears. *Johnson v. Epps*, 479 F. App'x 583, 590 (5th Cir. 2012); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that prison official acts with deliberate indifference if she "knows of and disregards an excessive risk to inmate health or safety").

In her Objections, Morgan takes issue with this conclusion, complaining that Spears's only evidence "is his self-serving testimony . . . that he talked to Morgan and purportedly sent her written requests regarding his medical restriction and need for a lower bunk prior to his alleged fall." Objections [31] ¶ 2. Morgan goes on to assert that Spears's testimony was essentially not credible because it was "riddled with inconsistent and/or unsubstantiated assertions . . . ." *Id.* And she says that she "denies that Plaintiff ever informed her that he had a seizure disorder prior to his alleged fall [or] requested to be moved to a lower bunk." *Id.*

It is axiomatic that a court may not "make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 483 F.3d 476, 478 (5th Cir. 2006). And the fact that Spears's testimony is self-serving does not render it incompetent summary-judgment evidence. *C.R. Pittman Constr. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011). Judge Ball properly concluded that Spears's testimony creates a fact issue as to whether Morgan knew of and disregarded an excessive risk to his safety. Summary judgment is therefore denied.

For the foregoing reasons, the Court finds that the Report and Recommendation [30] of Magistrate Judge F. Keith Ball should be adopted as the Court's opinion. Morgan's Motion for

Summary Judgment [28] is denied.  This matter is reset for Pretrial Conference on December 9, 2016, a time to be determined at a later date, and the Court's civil term beginning January 3, 2017.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

                                    s/ *Daniel P. Jordan III*
                                    UNITED STATES DISTRICT JUDGE